Read, J.
There is no error in the record before the court. The object of the writ was to bring into revision the finding of the court upon the facts. The steps requisite to accomplish this end have not been taken. The agreed statement of facts forms no part of the record, and hence is not properly before the court. If a cause be submitted to the court to determine the facts as well as the law, we treat the finding of the court precisely as we would the verdict of a jury. The court, in this instance, found for the defendant. The question is, did the facts warrant such finding ? The error assigned is that judgment was rendered for the defendant when it should have been for the plaintiff, upon the agreed statement of facts. Judgment was not rendered uj>on the agreed statement of facts, but upon the finding of the court upon such facts; and finding that the defendant did not assume and promise as in the plaintiff’s declaration alleged, judgment for the defendant followed of course. The agreed statement of facts is not a special verdict, which is a conclusion of fact; but the evidence upon which the court was to find. A verdict is a conclusion of fact, as-a judgment is *a conclusion of law. It can not be pretended in this case that if the finding was right that the judgment was wrong. If a wrong judgment be rendered upon a verdict, either general or special, it is manifest-upon the record, because both verdict and judgment are parts of the record. But an agreed statement of facts, which constitute the evidence in a case, can not be regarded as a special verdict, and forms no part of the record unless made so by bill of exceptions. The statute defines what a record shall be, and of what it shall be composed. Matters which are not. properly part of the record, can not be made so by being improperly inserted in the record. An agreed statement of facts is- *145 no more part of the record than a deposition or any other evidence which may have been inserted improperly.
"We are thus explicit because we have found it a mistake of quite frequent occurrence upon the circuit, to regard an agreed statement of facts, inserted in the record, to be matter of record, both iu civil and criminal cases.
The only mode in which the evidence, upon which the court passed in their finding, can be brought under consideration upon writ of error, is to make it matter of record by bill of exceptions, upon motion for a new trial, or by excepting to the ruling of the court upon the evidence during the trial. An agreed statement of the evidence can not take the place of a bill of exceptions as a special verdict.
If the error assigned be to the finding of the court, and the evidence upon which they acted is not before us, it is impossible to determine whether it was right or wrong; but the presumption of law is, that the finding was warranted by the evidence. In such case judgment would be affirmed of course. The present is a very proper case in which to settle this question of practice, because we have examined the agreed statement of facts sufficiently to determine that no other result than the one we have arrived at would have followed, had it been regularly before the court by bill of exceptions. Judgment affirmed.