(Hamilton County Court of Common Pleas.)

### HENRY DUVELMEYER v. WILHELMINA DUVELMEYER.

*Testimony necessary to establish a trust.*

1. A trust can be established only by clear, certain and conclusive evidence in proof not only of the existence of the trust at the time of the conveyance, but also of its terms and conditions.

2. Where husband and wife live on land the separate estate of the wife, and work the same, the wife pocketing the proceeds of the products raised on such lands, claiming them as her own, to which the husband yields a reluctant acquiescence, the husband cannot afterwards claim such money as wholly or partly held in trust for himself.

---

JELKE, J.

Plaintiff's petition contains two counts; the first seeks to have an express trust declared in favor of plaintiff in the two houses erected on the land in which defendant has a life estate by devise from her former husband, Mr. Kuhlmann. Applying the rule laid down by the circuit court in Schmitt v. Schnell, Cuyahoga county, Marvin, J., delivering the opinion, vol. 14, C. C. R., p. 153, which rule follows Miller v. Stokely et al, 5 Ohio St., 195; Stahl v. City of Cincinnati, 16 Ohio St., 170, and Maud v. Maud, 33 Ohio St., 147, "such a trust can be established only by clear, certain and conclusive evidence in proof not only of the existence of the trust at the time of the conveyance, but also of its terms and conditions," I find that the proof adduced at the trial is not sufficient to make out such a trust.

The second count seeks to establish a resulting trust in a tract of land purchased from one Hanlon, the purchase money for which plaintiff claims to have paid, the title having been taken in the name of the defendant.

In this connection plaintiff's counsel cites Creed v. Lancaster Bank, 1 Ohio St., p. 1: "When a person purchases property with his own funds, and places the title in the name of a stranger, the legal presumption is, that he made such purchase for his own use, and that the property is held in trust for him." Also Williams v. VanTuyl, 2 Ohio St., p. 337; Byers v. Workman, 16 Ohio St., p. 441; McGovern v. Knox, 21 Ohio St. p. 547-552.

The fact that the defendant, the person taking the title, was and is plaintiff's wife, rebuts the presumption of a trust. Such trust may, however, be shown by facts and circumstances and by parol. Creed v. Lancaster Bank, supra; 1 Perry on Trust, 4th. Ed., sec. 143, et seq.

As to these resulting trusts, Perry, sec. 126, also says: "The burden is of course upon the one claiming the existence of the trust to establish the facts upon which it rests by clear and satisfactory evidence."

There is an objection to this theory of this case, and that is, that plaintiff did not, in fact, pay the money at the time (vid. Perry, sec. 126) the conveyance was made and at the time when such resulting trust would arise.

The money had been accumulating in his wife's hands, and she, not he, made the bargain, closed the transaction and paid the money.

With the presumption against plaintiff and the rule as to clearness being so strong, I can not find that a resulting trust arose on this theory. Such is the case set out in the second count of the petition.

I have also examined the evidence as to the accumulation of money in Mrs. Duvelmeyer's hands, to see if a trust could be established in this property on this principle: "If a person having a fiduciary character purchase property with the fiduciary funds in his hands, and takes the title in his own name, a trust in the property will result to the cestui que trust, or other persons entitled to the beneficial interest in the fund with which the property was paid for." Perry, section 127. In order to do this I must find that the evidence establishes a trust in the money which had accumulated in Mrs. Duvelmeyer's hands. The same rules apply and the same proof i degree and kind is necessary to do this and to find either an express, resulting or constructive trust, as obtain as to the property itself.

The evidence shows that Mrs. Duvelmeyer was the better man of the two; that she gathered this money from day to day from the truck sold, produced on the farm in which she had a life estate and which was her separate property, and on which Mr. and Mrs. Duvelmeyer and all the Kuhlmann children, male and female, when at home, joined in a common labor and out of which they received a common livelihood. She received and handled this money as her own and asserted the rights of ownership over the same. While Mr. Duvelmeyer had a feeling that he was not being treated fairly in the matter, he nevertheless yielded a sort of discontented acquiescence. All this money could not be a trust fund. The evidence is not strong enough to attach a trust to any part of it, and even if it were, the part could not be determined with sufficient definiteness to be made the subject of a trust. As to the three hundred dollars put into the truck farm and garden sash by Mr. Duvelmeyer at the time of his marriage, that has been returned to him with accre-

tions by way of interest and profits in the one thousand dollars paid him by Mrs. Duvelmeyer.

The case of Newton v. Taylor, 32 Ohio St., 399, cited by plaintiff's counsel is a case of constructive trust arising ex maleficio.

I do not think the evidence in the case at bar shows any fraud on the part of Mrs. Duvelmeyer or a state of facts upon which the law would build a constructive trust. What she did, she did openly with a high hand; Mr. Duvelmeyer submitted; he was a man of full legal capacity, and the idea of any part of this money belonging to him separately or of a trust seems not to have occurred until after they had separated.

The evidence adduced does not in law make out any kind of a trust.

Decree for defendant.

Theodor Horstman for plaintiff.

Chris. Von Seggern, for defendant.