BAKUTA v UKRANIAN AMER BLDG & LN ASSN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 8941. Decided October 7, 1929

Messrs. E. J. Kovanda and Wm. H. Chapman, Cleveland, for Bakuta.

Messrs. Bernon, Mulligan, Keeley & LeFever, Cleveland, for Bldg & Ln Assn.

SULLIVAN, J.

This cause is here on appeal and in order for the plaintiff to recover it is necessary to establish an express or a resulting trust, and therefore the elements constituting these trusts must appear in the record.

In other words, the record must show an agreement either verbal or written, to create it in the first instance, and it is also necessary that the subject of the engraftment of the trust must also appear. There must be an objective and the trust must be so clearly and definitely declared by agreement that it will be possible for the court to pronounce judgment without resorting to extranious evidence, and of course it is well settled that before such a trust can be declared the evidence must be clear, convincing and conclusive. There is no need to cite authorities but for our purpose, we will cite the case of Maddox vs Purcell, 46 OS. 102, and Stahl et al vs Cincinnati, et al, found in the 16 OS. 170.

We find the evidence is weak and unconvincing as to the terms of the alleged trust and as to what disposition of the property was to be made and we think the evidence is clearly lacking to show in a convincing manner that the defendants ever agreed to act as trustees as they are known to the law. In fact the only evidence that seems to be positive and unequivocal is that the property was not accepted with the understanding that the defendants were to act as trustees or that the property was to be held in trust.

Of course it goes without arguing that the consent of the trustees is necessary because there must be a meeting of the minds upon this question just the same as in others. Even the probate court would not appoint a trustee named in a will unless the trustees consented and qualified by giving bond under the provisions of the law. Thus it is in every trust. It is composed of elements which require a meeting of the minds because no trust can be imposed and no trustee held to the obligation of the trust unless there is written or verbal language which shows a mutual agreement. Then again, it must appear if there is a trust, that the porperty or subject matter of the trust was delivered or conveyed in accordance with the law and in this particular instance it was a corporation and the law applicable to the question of the conveyance of the porperty and the delivery thereof is found in 8710-11-12 GC. and they were in effect in 1922, and therefore the law which governs the present case.

It appears from the record that the

purposes of these statutes were not complied with and a compliance with the same is the only way by which the property of the corporation could pass to the trustee and hence it may be said the record instead of being clear and convincing, shows no evidence whatsoever of the conveyance and the delivery of the property in accordance with the terms of the law.

Other terms of law had to be complied with in order that the assets of the corporation might pass to the trustees. There should have been a meeting of the stockholders, action by the board of directors, resolutions creating the transfer, and all established by minutes to be kept by the secretary of the stockholders and the secretary of the board of directors, and it required the official signatures of the proper officers in order to complete the conveyance and the execution of these signatures could only be had by virtue of the compliance with the statutes and the adoption of all resolutions that were necessary in order to conform to the law to pass the assets to the trustee. We find that this was not done. Therefore it is our judgment that there could have been no trust because of the non-passage of the assets according to the provisions enjoined by law.

Another element in the case which precludes the existence of a trust, is the fact that at the time of the alleged agreement to create a trust, the property in question was in the court of common pleas in the hands of an officer of the court known as a receiver, and therefore whatever action was taken as to the disposition of the assets could only be done by a court order acting through the instrumentality of the receiver. We find that whatever was done was done by the common pleas court in this manner, and that instead of the defendants receiving the property by way of the trust agreement which is alleged, they came into possession of it in the due course of law by virtue of proceedings in receivership pending in the common pleas court.

It is claimed that a resulting trust exists if not an express trust, but it must be kept in mind that in order to hold that it is a resulting trust, it must have all the elements of an express trust as above outlined.

Again, if we examine the pleadings and the evidence, and rely upon the arguments of counsel for plaintiffs, it appears that the real question is the violation of an agreement and not the creation of a trust, and it is well settled law that no trust results merely from the breach of a parol agreement as was laid down in **Fleming et al vs Donahue et al 5 O. 255**, where it is held that a trust is the creation of acts and not agreements or at least it must be composed of acts accompanied by agreements, but in no event will a trust result simply because there has been a broken contract. This principle is laid down in Perry on Trusts, Vol. 1, Sec. 134.

In the citation of Eaton on Equity, page 366, cited by counsel for plaintiff, we find upon an examination that it does not apply because it appears that there was a voluntary disposition of the property by will or deed and this fact was taken into consideration in the decision of the court. That fact does not appear here. A few of the stockholders of a corporation cannot bind the balance of the stockholders by acts or language which occur in a public meeting not called under the provisions of the law and of which all the stockholders had due notice under the provisions of the statute.

We think the weight of the evidence in this case is to the effect that if there was a parol agreement between the plaintiffs and defendants whereby there was to be a purchase of the assets of the National Company from the receiver, and a re-sale of the same for the sum of $35,000.00, that the defendants did purcahse the assets and that they have been ready, willing and able at all times to re-sell the same to plaintiffs but that plaintiffs have neglected and still neglect to pay the said sum. We do not think under such a conflict as this that a trust can be declared as it must appear by clear and convincing evidence that a trust was created.

**33 OS. 35, Watson vs Ero.**

**Newman vs Newman, 103 OS. 230.**

Therefore for the these reasons as well as others which are apparent from the record, the report of the referee is hereby confirmed and judgment is rendered accordingly, and the sum of $500.00 is awarded to the referee, Marie L. Wing, as well as the sum of $64.00 which is to be applied in payment of stenographer's fees already advanced, and an entry may be drawn accordingly.

Vickery, PJ, and Levine, J, concur.